IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JUSTIN PLEASANT KERRY,<br><br>Defendant. | CR 22–34–BU–DLC<br><br><br><br>ORDER |

    Before the Court is Defendant Justin Pleasant Kerry's Motion to Dismiss with Prejudice. (Doc. 46.) Kerry moves for dismissal with prejudice for violations of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* (*Id.* at 1.) The United States agrees that Kerry's speedy trial rights have been violated and that "the indictment should be dismissed in the interest of justice pursuant to 18 U.S.C. § 3162(a)(2)." (Doc. 48 at 3.)

    Kerry was charged on February 16, 2023, with Timber Set Afire, in violation of 18 U.S.C. § 1855, as set forth in the Indictment. (Doc. 29.) Kerry was brought before the Court for an initial appearance and arraignment on the Indictment on February 21, 2023. (Doc. 33.) He was detained following the hearing and did not move for release. (*Id.*) The Court set a trial date for March 27, 2023. (Doc. 38.)

    Kerry filed a notice of insanity defense, (Doc. 40), and moved for a

1

psychiatric examination, (Doc. 41).  On March 9, 2023, pursuant to Kerry's unopposed motion, the Court ordered that "a psychiatric or psychological examination of Defendant Justin Pleasant Kerry shall occur" and a report filed with the Court.  (Doc. 42 at 2.)

On March 21, 2023, the Court vacated the trial date and ordered all time from then until the conclusion of competency proceedings as excluded time.  (Doc. 43.)  On March 24, 2023, the United States filed for an insanity evaluation, (Doc. 44), which the Court granted on March 27, 2023, (Doc. 45).  On May 31, 2023, Kerry filed the present motion to dismiss, alleging that 85-countable days had elapsed since his arraignment.  (Doc. 47 at 5.)  As of that date, Kerry still had not been transported from jail in Montana to a Bureau of Prisons facility for evaluation.  (*See* Doc. 47 at 4–5; *see also* Doc. 48 at 2.)

The Sixth Amendment guarantees citizens "the right to a speedy and public trial."  U.S. CONST. amend. VI.  "To give effect to this Sixth Amendment right, Congress enacted the Speedy Trial Act, which sets specified time limits after arraignment or indictment within which criminal trials must commence."  *United States v. Olsen*, 21 F.4th 1036, 1040 (9th Cir. 2022); *Furlow v. United States*, 644 F.2d 764, 768-69 (9th Cir. 1981) (per curiam) (describing the Speedy Trial Act as

the Sixth Amendment's "implementation"). The Speedy Trial Act specifies that a court must set the trial to commence on a date within seventy countable days of arraignment, "so as to assure a speedy trial." 18 U.S.C. § 3161(a).

Kerry acknowledges that on March 9, 2023, "the speedy trial clock stopped to exclude the 10-day exception for transport to a BOP facility, and restart[ed] on March 19, 2023." (Doc. 47 at 4.) However, Kerry argues that any time beyond the ten-day transportation exception is unreasonable, and therefore not excludable. (*Id.* at 6–14.) Kerry concedes that the four days between the filing of the United States' motion insanity evaluation and the Court's order ruling on that motion are excludable. (*Id.* at 5.) Thus, Kerry argues that a total of 85-countable days had elapsed from the date of his arraignment to the time that he filed his motion to dismiss. (*Id.*)

The United States does not dispute that 85-countable days elapsed between Kerry's arraignment and the filing of his motion to dismiss or that such a delay violates Kerry's right to a speedy trial within 70 days after arraignment or indictment. (Doc. 48 at 3.)

Accordingly, IT IS ORDERED that the motion (Doc. 46) is GRANTED in full. The indictment against Kerry is DISMISSED with PREJUDICE and the above-captioned matter is CLOSED.

DATED this 12th day of June, 2023.

Dana L. Christensen, District Judge
United States District Court